**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                               Case No.:   8:15-CR-403-T-36AEP

**CARLOS RUIZ**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST**
**FOR A SENTENCE OF ONE HUNDRED AND THIRTY-FIVE (135)**
**MONTHS INCARCERATION AND**
**INCORPORATED MEMORANDUM OF LAW**

**COMES NOW**, the Defendant, CARLOS RUIZ, by and through his undersigned counsel, A. FITZGERALD HALL, pursuant to 18 U.S.C. §3553(a), and moves this Court to: **IMPOSE A SENTENCE OF ONE HUNDRED AND THIRTY-FIVE (135) MONTHS INCARCERATION**. As grounds for this motion, Mr. Ruiz offers the following:

**INTRODUCTION**

1.  Mr. Ruiz was charged with: Count One, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(a) and (b) and 21 U.S.C. § 960(g); and Count Two, possession with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject

to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a) and 70506(a); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii) (Doc. 1).

2. On October 1, 2015, Mr. Ruiz was arrested on the said indictment (Docs. 8 & 17). On this same date, Mr. Ruiz made his initial appearance before the Court (Doc. 17). Mr. Ruiz was ordered detained (Doc. 18).

3. On November 24, 2015, pursuant to a plea agreement, Mr. Ruiz pleaded guilty as charged (Docs. 40 & 33). Sentencing in this case is currently scheduled for Friday, March 18, 2016, at 9:30 a.m. (Doc. 65).

4. The facts in this case are not in dispute. On September 18, 2015, a United States patrol aircraft detected Mr. Ruiz and two co-defendants in international waters at approximately 130 nautical miles south of Puerto Rico (PSIR ¶12). The United States Coast Guard Cutter, *Richard Dixon*, was deployed and eventually intercepted the vehicle on which Mr. Ruiz was aboard. *Id.* Once seized, Mr. Ruiz informed the USCG that he was the master of the vessel (PSIR ¶13). The USCG officials searched the vessel and recovered 48 bales of cocaine that weighed approximately 1,200 kg. *Id.* Mr. Ruiz claimed Colombian nationality, but the Colombian government neither confirmed nor denied the nationality of the vessel on which Mr. Ruiz was aboard (Doc. 33, p. 18). As a result, the vessel was deemed stateless.

5. The PSIR has been disclosed in this case and there are no objections

to the report. As a result, the PSIR currently reflects that Mr. Ruiz's total offense level is 35 and his criminal history category is I (PSIR ¶¶19-31). This results in an advisory range of imprisonment of 168 – 210 months (PSIR ¶69). It should be noted that Mr. Ruiz's statutory minimum-mandatory penalty in this case is ten years (120 months).

6. Notwithstanding the above, due to the nature and circumstances of the instant offense, the history and characteristics of Mr. Ruiz, and the need for the forthcoming sentence to afford <u>adequate deterrence</u>, Mr. Ruiz requests this Court impose a sentence of one hundred and thirty-five (135) months incarceration, pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

7. As outlined above, Mr. Ruiz is facing an advisory term of incarceration of 168 - 210 months (PSIR ¶¶29, 31, & 69).

8. In this case, Mr. Ruiz requests this Court consider the following highlighted factors set forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

> (1) **the nature and circumstances of the [instant] offense** and **the history and the characteristics of the defendant;**
>
> (2) the need for the sentence imposed-

3

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    **to afford adequate deterrence to criminal conduct**;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    [the applicable Sentencing Guidelines];

(5)    any pertinent [Sentencing Guidelines] policy statement;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added). *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them); *see also, United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (same).  <u>The Guidelines are only one of the factors</u> to consider when imposing sentence and §3553(a)(3) directs the judge

4

to <u>consider sentences other than imprisonment</u>. *Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586, 602 (2007) (emphasis added).

9. It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as <u>an individual</u> and every case as <u>a unique study</u> in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

10. Pursuant to Section 3553(a) and the above cited case-law, Mr. Ruiz requests this Court impose a reasonable sentence in this case. In particular, Mr. Ruiz seeks a 135-month term of incarceration due to the following: the nature and circumstances of the instant offense, his history and characteristics, and the need for the forthcoming sentence to afford <u>adequate</u> deterrence.

### A. The Nature and Circumstances of the Offense

11. First, the instant offense is a serious offense and it is a violation of the law---a conspiracy to possess with intent to distribute a substantial amount of cocaine while aboard a vessel subject to the jurisdiction of the United States (PSIR ¶¶10-13).

12. However, it should be noted that the circumstances of the <u>instant</u> offense are mitigated by the fact that it is absent any acts of violence committed

by Mr. Ruiz. *Id.* Furthermore, upon closer examination of the facts surrounding this case, it is obvious that Mr. Ruiz was a "master-mule" in this case. That is to say, Mr. Ruiz was in charge of the individuals assisting involved in transporting the cocaine in this case. *Id.* However, this Court should note that Mr. Ruiz clearly was not the owner of the cocaine involved in this case, as he possesses a fourth-grade education and lacks the financial wherewithal to own, possess, and/or fund this 1,200-kg-cocaine venture. *See* PSIR ¶¶59 & 64-67. Said differently, the facts of this case establish that Mr. Ruiz is a poor man in possession of approximately $42,000,000 worth of cocaine.

13. Although Mr. Ruiz has received a two-level enhancement for being the master of the vessel, it simply strains logic, considering the totality of the circumstances in these types of cases, that Mr. Ruiz is the type of master/captain that should not receive a downward variance in this case. Furthermore, it is axiomatic that poor individuals like Mr. Ruiz are recruited by drug cartels, drug lords, and drug owners, to go on risky drug ventures such as the instant case in order to make money for their families while the said true villains often go unpunished.

14. In any event, Mr. Ruiz has made a very costly mistake for which he has to now suffer a severe penalty----spending <u>at least</u> 10 years' of his life incarcerated.

### B. The History and Characteristics of Mr. Ruiz

15. In this case, the history and characteristics of Mr. Ruiz speak for themselves and they are remarkable. *See*, generally, PSIR ¶¶30-52. In particular, Mr. Ruiz has never had any encounters with the law prior to the commission of the instant offense (PSIR ¶¶30-34). And, as a result, Mr. Ruiz has zero criminal history points, which yields a criminal history category of I---the lowest criminal history category (PSIR ¶31). Here, this Court should note that Mr. Ruiz is a far cry from the highest criminal history category of VI and that Mr. Ruiz <u>is not</u> a career offender facing an increased period of incarceration. Likewise, neither is Mr. Ruiz facing an enhanced penalty for a prior felony drug conviction as he has no prior convictions of any kind (PSIR ¶¶30-34).

16. Here, this Court should note that Mr. Ruiz's poverty is further highlighted by the fact he was born in the Dominican Republic where he had no plumbing, no running water, and no electricity (PSIR ¶35). Despite his upbringing, the best employment Mr. Ruiz was able to obtain was that of a fisherman (PSIR ¶63).

17. Mr. Ruiz has five children: four sons ages sixteen (16), eleven (11), three (3) and two months; and a daughter age four (4) (PSIR ¶¶42-47).

18. In this case, there is no escaping the fact that one is responsible for

his own conduct/actions in life. However, as in all criminal cases, this Court is being requested to consider Mr. Ruiz as a unique individual, consider his upbringing, and consider any contributing factors that may have "assisted" in the instant poor decision making.

### C.   The Need for the Sentence to Afford Adequate Deterrence

19.   Mr. Ruiz requests this Court consider the above in imposing a reasonable sentence in this case.

20.   Additionally, a reasonable sentence imposed in this case, the suggested one hundred and thirty-five (135) months incarceration, will serve to punish Mr. Ruiz for his instant criminal conduct.

### D.   Just Punishment for the Offense

21.   Finally, the one hundred and thirty-five (135) months incarceration requested, under the facts surrounding this case, would not be one greater than necessary and it would accomplish all of the factors arrayed at Section 3553(a). Also, such a sentence would be just punishment for the offense committed in this case.

**WHEREFORE**, Mr. Ruiz prays this Court will impose the requested 135-month prison sentence in this case.

DATED this 11th day of March 2016.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email: Alec_Hall@fd.org
*Attorney for Defendant Ruiz*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of March 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Daniel Baeza.

*/s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Assistant Federal Defender